# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TORRENCE V. ROBINSON,**

    Plaintiff,

    v.                          Case No. 18-CV-952

**G4 HERBAL INCENSE**
**UNITED LINE SHIPPING,**

    Defendants.

## RECOMMENDATION ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND ON SCREENING OF COMPLAINT

This matter is before me on *pro se* plaintiff Torrence Robinson's motion to proceed *in forma pauperis* and for screening of the complaint. Although Robinson has consented to magistrate judge jurisdiction, because defendant has not yet appeared and had an opportunity to consent, I will issue a report and recommendation regarding the screening of Robinson's complaint. *See Coleman v. Labor and Industry Review Comm'n of the State of Wis.* 860 F.3d 461 (7th Cir. 2017).

To allow Robinson to proceed *in forma pauperis,* I must make two determinations. First, I must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to the court. *Id.* The party instituting a civil action in district court is required to pay a $400 fee to the court's clerk, but if the court determines that the litigant has

insufficient assets, the court may authorize the commencement of the action without payment of the fee.

Second, I must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

I will begin with the second determination. Robinson asserts that he paid $1,022.50 via online order for 1000 grams of Herbal incense. (Docket # 1 at 2.) He states that the package never arrived and after calling G4 Herbal Incense, he was instructed to pay an additional $250. (*Id.*) Apparently, Robinson was instructed to make additional payments which totaled to $1,559.50. (*Id.* at 3.) Robinson states that his calls are now being ignored and his number was blocked. (*Id.*)

I recommend that Robinson's complaint be dismissed for lack of jurisdiction. A federal court has jurisdiction over cases that arise under the Constitution or federal laws; or when the controversy exceeds $75,000 and the parties are citizens of different states. 28

U.S.C. § 1331; 28 U.S.C. § 1332(a)(1). While Robinson asserts that he is a citizen of Wisconsin and G4 Herbal Incense is located in Montana (Docket # 1 at 1-2), the amount in controversy is $1,559.50, far less than the $75,000 requirement. Further, Robinson's claim does not arise under federal law, but rather seems to be a breach of contract case. Therefore, Robinson has not established federal jurisdiction.

**IT IS THEREFORE RECOMMENDED** that Robinson's complaint (Docket # 1) be **DISMISSED**;

**IT IS FURTHER RECOMMENDED** that Robinson's motion to proceed without prepayment of the filing fee (Docket # 2) be **DENIED AS MOOT**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 5th day of July, 2018.

BY THE COURT

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge